BANK OF DALLAS, Respondent, v. WRIGHT et ux., Appellants.

(196 N. W. 300.)

(File No. 5236. Opinion filed December 8, 1923.)

1. **Appeal and Error—Trial—Presumption—Prejudice—In Chancery Suit, Errors in Rulings on Evidence Not Deemed Prejudicial.**

   In a chancery suit, errors in receiving as well as striking out evidence are not deemed prejudicial, because the appellate court will presume that the trial court did not base its findings upon incompetent testimony.

2. **Appeal and Error—Equity—Trial—Erroneous Rejection of Evidence Not Deemed Prejudicial, if Facts Are Before Court from Other Evidence.**

In a chancery suit, the erroneous rejection of evidence will not be deemed prejudicial, if the facts of the transaction are before the court from other evidence.

3.   Appeal and Error—Evidence—Prejudice—Verdict—Exclusion of Wife's Testimony that She Owned Note and Mortgage Sought to Be Subjected to Husband's Debt Held Nonprejudicial Error.

In a jury trial of an action by a bank against defendant husband and wife to subject to a lien, for the satisfaction of an anticipated judgment against the husband, a note and mortgage held by the bank as collateral on an obligation owing by the wife, but alleged to be jointly owned by both defendants, exclusion of defendant wife's testimony that she owned the note and the mortgage, though erroneous, was not prejudicial, where, as between plaintiff and defendant wife, who alone appealed, the suit was one in chancery in which all the facts were before the court, and the verdict of the jury, whose findings the court adopted, was purely advisory.

4.   Evidence—Ownership—Testimony as to Ownership Held Not Incompetent as Conclusion.

Testimony of a wife that she was the sole owner of a note and mortgage sought to be subjected to her husband's debt was not objectionable as a conclusion.

5.   Evidence—Jury—Mortgages—Jury Could Discredit All Testimony of Defendants as to Ownership of Mortgage

In a suit by a bank against a wife and husband to subject to a lien against the husband a note and mortgage alleged to be the property of the wife and husband, the jury had a right to refuse to believe all of defendant's testimony that the wife was the sole owner of the mortgage and the note.

6.   Appeal and Error—Verdict—Appellate Court Loath to Set Aside Verdict of Jury Based on Evidence.

The jury being the sole judges of the evidence, and the trial court having agreed with them, the appellate court is loath to set aside their verdict based on the evidence.

Polley and Dillon, JJ., dissenting.

Appeal from Circuit Court, Gregory County; Hon. John G. Bartine, Judge.

Action by the Bank of Dallas against John Wright and wife. From a judgment for plaintiff, and from an order denying a motion for new trial, defendant Anna Wright appeals. Judgment and order affirmed.

*P. A. Hosford,* of Winner, for Appellant.

*E. O. Patterson,* of Dallas, for Respondent.

(2)   To point two of the opinion, Respondent cited: Blossie v. C. & M. Railway Co. (Iowa), 123 N. W. 360, 26 L. R. A. (N. S.) 255; Fannie C. Harrington et al v. Los Angeles Railway Co., 140 Cal. 514, 63 L. R. A. 238; 4 C. J. p. 1014, 2 R. C. L. 255; Kuhl v. Chamberlain, 118 N. W. 776, 21 L. R. A. (N. S.) 766; Shedd v. Seefeld, 13 L. R. A. (N. S.) 709; Erickson v. Sophy, 10 S. D. 71-73.

(4)   To point four, Appellant cited: Murphy v. Olberding, 78 N. W. 205; Dickey v. Vaughan, 73 So. 507; Steiner v. Tranum, 98 Ala. 315, 13 So. 365; Hagin v. Shoaf, 9 Ala. A. 300, 63 So. 764; Brooks v. Griffin, 10 Ga. A. 497; 73 S. E. 752; Maginnis v. Hartford F. Ins. Co., 160 Ill. A. 514; Hays City First Nat. Bank v. Robinson, 93 Kan. 464, 144 Pac. 1019, Ann Cas. 1916D, 286; Strokers v. McFarland, 194 S. W. 881; Bunke v. New York Te. Co., 110 App. Div. 241, 97 N. Y. S. 66; Olson v. O'Connor, 9 N. D. 504, 84 N. W. 351, 81 A. S. R. 595; Ft. Smith, etc., R. Co. v. Winston, 136 Pac. 1075; Jantzen v. Emmanuel German Baptist Church, 27 Okla. 473, 112 Pac. 1127, Ann. Cas. 1912C, 659; Steiner v. Tranum, 98 Ala. 315, 13 So. 365.

ANDERSON, P. J.   Action is brought by plaintiff bank against defendants, John and Anna Wright, husband and wife. The basis of this action is a promissory note executed by defendant husband.   This note runs to plaintiff bank, face $5,470.   In this same action it is sought to subject to a lien for the satisfaction of the judgment, which plaintiff anticipated recovering in this action, a $20,000 note and mortgage claimed to be the property of defendant wife, and which plaintiff bank had in its possession as collateral security, and a $1,000 note which defendant wife for value had executed and delivered to plaintiff.   Defendant husband made no answer and is in default.   Defendant wife answered, and the cause was tried in the circuit court.   Plaintiff's theory is that the $20,000 note and mortgage was not the property of defendant wife solely, but was the property of herself and husband.   Defendant wife demanded a jury trial.   A jury was impaneled and special interrogatories were propounded.   The jury found that defendant husband had an interest in the $20,000 note and mortgage to the extent of $8,267.40.   The findings of the jury were by the trial court adopted, and findings, conclusions, and

judgments were made and entered in favor of plaintiff bank and against defendant wife. This judgment decreed that plaintiff bank had a valid lien on the interest of defendant husband in the $20,000 note and mortgage aforesaid to the extent of $8,267.40. From this judgment and an order denying defendants' motion for new trial, defendant wife appeals.

[1-4] Appellant first complains of ruling on evidence. Defendant wife testified:

"At the time I took this mortgage, Mr. Wright and I had an agreement that he would give me the $20,000 mortgage and I was to be satisfied with that, and he could have the rest of the money. Mr. Wright does not have any interest in the $20,000 mortgage. I am the owner of that. I became owner of that mortgage at the time it bears date—March 1, 1920."

The trial court then, on its own motion, made a ruling striking out all of the foregoing evidence so far as it stated that the witness was the owner of the $20,000 mortgage; that defendant husband did not have any interest whatsoever in the mortgage. The reason given by the court for striking this evidence was that it was incompetent by reason of stating a conclusion of the witness. Defendant wife then was asked this question: "Can you state to the jury whether or not Mr. Wright has any interest in the mortgage at this time?" Objected to by plaintiff as incompetent, irrelevant, immaterial, and calling for a conclusion of the witness. Objection sustained. Defendant husband was then asked this question: "Do you, yourself, own any of that mortgage?" Answer: "No, sir." Objected to by plaintiff as incompetent, irrelevant, immaterial, calling for conclusion of witness. Objection sustained. Motion made to strike answer was granted.

That the trial court, in excluding and in striking from the record the evidence aforesaid, committed error is quite clear. However, as between plaintiff and defendant wife this is a chancery action. The verdict of the jury was purely advisory. The trial court made findings and conclusions. It is well established by many decisions of this court that in a chancery action errors in receiving as well as striking out evidence are not deemed prejudicial, because the appellate court will presume that the trial court did not base its findings upon incompetent testimony. The corollary is also true that in a chancery action, where the court

rejected proper eivdence, it will not be deemed prejudicial if the facts of the transaction are before the court from other evidence. The rejected evidence in this case was rather close to the border line between a fact and a conclusion. The facts of the transactions were all before the court. This being, as it is, a chancery action, we do not think the alleged errors are shown to be prejudicial. The remainder of appellant's argument relates to the insufficiency of the evidence to sustain the findings.

[5, 6]    After a careful consideration it seems clear to us, from the verdict of the jury and the indorsement of that verdict, by the trial judge, that the jury and the judge, who heard the case and saw the witnesses, refused to believe all the testimony of John and Anna Wright as to her ownership of the land and as to her sole interest in the note. This the jury had the right to do, and the jury being the sole judges of the evidence, and the court below having agreed with them, we are loath to overturn that verdict and decision. Upon consideration of the entire case we do not discover that the clear preponderance of the evidence is contrary to the verdict of the jury and the findings of the trial court. We therefore conclude that the judgment and order denying a new trial should be affirmed, and they are affirmed.

POLLEY, J. (dissenting).    I cannot agree with the majority opinion in this case. The action is brought to recover on a note executed by defendant John Wright. When the action was commenced, plaintiff had in its possession a certain note for $20,000, payable to the defendant Anna Wright, which plaintiff was holding as security for an obligation she was owing to plaintiff. It is alleged in the complaint that this note was owned jointly by defendants, but was made payable to Anna Wright as a matter of convenience, and plaintiff asks the court to award it a lien on said note to the extent of the amount of John Wright's indebtedness to plaintiff.

One of the grounds on which appellant seeks a reversal is insufficiency of the evidence to support the findings and judgment, and on this ground alone the judgment ought to be reversed. The note on its face is payable to Anna Wright. This makes her, prima facie, the unqualified owner thereof, and casts upon respondent the burden of proving that John Wright is a part owner. Blake v. Gunderson et al. (S. D.) 196 N. W. 653. The only

evidence offered by respondent to over come the presumption that appellant is the sole owner of the note is that the note was given pursuant to a contract for the sale by defendants of three quarter sections of land. The land was to be paid for by the assumption of certain incumbrances thereon, by a certain amount of cash to be paid at the time of the conveyance, and a note (the one in ques-tion) for $20,000. The contract was executed by defendants jointly, and the payments, including said note, were to be made to them jointly. But when the transaction was completed, de-fendant John Wright took all the cash that was paid and per-mitted Anna Wright to take the note for the deferred payment of $20,000 as her part of the proceeds of the sale. These facts are in no wise disputed by any evidence in the record. In fact the transaction took place in plaintiff's bank and was conducted by the officers of the bank, and they were fully advised of the reason why the note was made payable to Anna Wright individ-ually instead of to Anna Wright and John Wright jointly. It is plain from all the circumstances in the case that John Wright con-sented to making the note payable to Anna Wright. Whether this was because she was actually entitled to that amount of the proceeds of the sale, or whether John Wright made her a present of it is not material. This note was executed on the 1st day of March, 1920, while the note sued on in this action was not ex-ecuted until the 21st day of October, 1920, six months after the $20,000 note had been given to Anna Wright. It is not claimed that, at the time of the execution of the note sued on in this action, or at any time, John Wright claimed to own an interest in the $20,000 note, or that respondent believed he had an interest therein, nor that credit was extended to him because of a belief that the owned an interest therein. Moreover, it appears from the record that at the time this note was given to Anna Wright, John Wright was solvent and had a right to do with his property, assuming that it was his, as he pleased.

It is claimed by respondent that the note sued on in this action was given for a prior existing debt due from John Wright to respondent, but I cannot see how this is material, because, as before stated, at the time, and after the $20,000 note was given, John Wright was solvent and had more actual cash on deposit at one time in respondent's bank than the amount of the note sued on.

The evidence does not warrant the inference that Anna Wright is not the sole owner of the $20,000 note, and the judgment ought to be reversed.

DILLON, J., concurs in dissent.

Note.—Reported in 196 N. W. 300. See, Headnote (1), American Key-Numbered Digest, Appeal and error, Key-No. 931(6), 4 C. J. Secs. 2726, 2982; (2) Appeal and error, Key-No. 1504(1), 4 C. J. Sec. 3004; (3) Appeal and error, Key-No. 1054(2), 4 C. J. Sec. 3004; (4) Evidence, Key-No. 471(26), 22 C. J. Sec. 619; (5) Evidence, Key-No. 689, 23 C. J. Sec. 1779, Trial, 38 Cyc. 1520; (6) Appeal and error, Key-No. 1005(1), 4 C. J. Sec. 2839.